Argued January 11, reversed and remanded January 30, 1917.

## STATE *v.* NORRIS.

(162 Pac. 859.)

**Infants—Offenses Against Soliciting—"Procure"—"Solicit"—"Entice."**
　1.　Within Section 2078, L. O. L., defining the crime of soliciting, procuring, or enticing a child under 18 years to have sexual intercourse, the words "procure," "solicit," and "entice" each import an initial, active and wrongful effort.

From Crook: T. E. J. DUFFY, Judge.

Department 1. Statement by MR. JUSTICE BENSON.

The defendants were jointly indicted for a violation of Section 2078, L. O. L. The charging part of the indictment is in the following language:

"That E. Rea Norris, J. H. Connarn, John Collins, and Ethel Howell on the ninth day of July, 1915, in the county of Crook and State of Oregon, then and there being, and then and there acting together, did then and there, and while so acting together, wrongfully, unlaw-

fully, and feloniously solicit, entice, procure and at-
tempt to procure a child, to wit, Elda Bell, said child
being then and there a female under the age of 18
years, to carnally know and to have sexual intercourse
with one E. Rea Norris, the said E. Rea Norris then
and there being a male person over the age of 16 years,
and the said J. H. Connarn, John Collins, and Ethel
Howell and each of them then and there being over
the age of 16 years."

The defendant Connarn demanded a separate trial,
and is not interested in this appeal. A trial being had
as to the other three, there was a judgment of convic-
tion, from which the defendants Collins and Howell
appeal.                    REVERSED AND REMANDED.

For appellants there was a brief over the names of
*Mr. Vernon A. Forbes, Mr. Jay H. Upton* and *Mr.
Harvey H. De Armond,* with an oral argument by
*Mr. Forbes.*

For the State there was a brief over the names of
*Mr. George M. Brown,* Attorney General, *Mr. Willard
H. Wirtz,* District Attorney, *Mr. W. P. Myers* and *Mr.
B. F. Nichols,* with an oral argument by *Mr. Brown.*

MR. JUSTICE BENSON delivered the opinion of the
court.

1. There is but one question which we deem it neces-
sary to consider, and that is: Did the trial court err
in denying defendants' motion for a directed verdict?
The transcript of the testimony is a long and nasty
narrative, which need not be perpetuated by a recital
here. It is sufficient to say that the defendant Collins
was a public automobile driver operating from a garage
in the town of Bend. Norris was a physician living in
the same town, who employed Collins to take him to

The Dalles. He also invited the defendant Howell to accompany them on the trip. As they passed through the village of Laidlaw, Norris directed Collins to drive to the home of Elda Bell, the prosecuting witness, who owed him money for professional services. Upon reaching her home she paid the doctor some money and inquired as to his destination, which he finally told her was The Dalles. It was then agreed that she accompany them, which she did. She was then the mother of a living child, and ten days before the events upon which the indictment is based was the victim of a self-inflicted abortion whereby she was delivered of a four months' foetus. She had been married in the preceding month to a man who was her cousin, thereby rendering the marriage void under the statutes. There is no doubt but that the entire party drank a quantity of intoxicating liquor and were drunk during at least a portion of the trip; but there is absolutely no evidence tending to show that either Collins or Mrs. Howell ever suggested even by innuendo that Elda Bell should have sexual intercourse with Norris or anyone else.

The words "procure," "solicit" and "entice" as used in pleadings have well-defined meanings, and they each import an initial, active and wrongful effort: 3 Words and Phrases, 2410; 6 Words and Phrases, 5653; 7 Words and Phrases, 6548; *Nash* v. *Douglass,* 12 Abb. Pr., N. S. (N. Y.), 187.

It follows that the motion for a directed verdict should have been granted.

The judgment is therefore reversed, and the cause remanded for such further proceedings as may not be inconsistent herewith.     REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.